Clark County, Ohio
**FILED**
MAY - 2 2023
Common Pleas Court
Melissa M. Tuttle, Clerk

# IN THE COMMON PLEAS COURT OF CLARK COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **MONICA YINGER**<br>3159 Columbus Ave.<br>Springfield, OH 45503 | * * * | Case No. **23 CV 288**<br>Judge |
| Plaintiff, | * | |
| v. | * | **COMPLAINT** |
| **SPEEDWAY LLC**<br>1241 W. North Street<br>Springfield, OH 45504 | * * | |
| and | * | |
| **UMR**<br>11000 Optum Circle<br>MN102-0300<br>Eden Prairie, MN 55344 | * * | |
| and | * | |
| **ANY JANE & JOHN DOE(S),**<br>**ANY XYZ-CORPORATIONS OR OTHER**<br>**ENTITIES THAT CONTRIBUTED TO**<br>**PLAINTIFF'S HARM**<br>Names and addresses unknown | * * * | |
| Defendants. | * | |

NOW COMES Plaintiff, Monica Yinger [hereinafter referred to as "Plaintiff"], by and through undersigned counsel, and for her Complaint states as follows:

1. Plaintiff previously filed her claims, related to the events which occurred on Defendant Speedway's premises on January 10, 2019, in Clark County Common Pleas Court (Case No. 20-CV-0388) on November 4, 2020. Plaintiff voluntarily dismissed said claims, *without prejudice*, on May 2, 2022.

1

2. Plaintiff is now exercising her right, in accordance with O.R.C. 2305.19 and otherwise, to re-file her claims against the named Defendants herein related to the events on January 10, 2019.

3. At all times relevant hereto, Defendants Jane/John Does and XYZ Corporations, inclusive, are persons and/or corporations whose names the Plaintiff does not know and has been unable to presently ascertain, but are people and/or entities involved in this action. Defendants Jane/John Does and XYZ Corporations, inclusive, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff to discover the names of Defendants Jane/John Does and XYZ Corporations, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

## PARTIES, JURISDICTION & VENUE

4. At all times relevant herein, Defendant Speedway LLC [hereinafter referred to as "Speedway"] is a corporation or other business entity located in and/or doing business in Clark County, Ohio.

5. At all times relevant herein, Defendant Speedway was and is a fueling and convenient store chain, or other business entity doing business in the State of Ohio, and in Clark County, that operates under the trade name "Speedway" with one of its many fueling and convenient stores it owned, operated, managed, controlled, maintained, repaired and/or were otherwise responsible for located at 1241 W. North Street, Springfield, Ohio 45504.

6. Upon information and belief, Defendant Speedway was and is the owner and/or manager of the real property located at 1241 W. North Street, Springfield, Ohio 45504 [hereinafter referred to as the "premises"].

7. On said premises, Defendant Speedway employed persons, and held the premises open to the public for Defendant Speedway's financial benefit.

8. Defendants John Doe 1-3 are the employees, agents, servants and/or contractors who were employed by Defendant Speedway and were responsible for cleaning and/or maintaining the premises as of January 10, 2019. Notwithstanding a reasonable effort, Plaintiff could not discover the names or addresses of these additional persons and therefore sue said Defendants by such fictitious names.

9. At all relevant times, John Doe 1-3 was acting in the course and scope of his/her agency and/or employment with, contracted by, and/or was acting as a servant to, Defendant Speedway.

2

10. Defendant Speedway is vicariously liable by way of the doctrine of *respondeat superior* and pursuant to agency laws as the master and/or principal of Defendant John Doe 1-3.

11. This Court has jurisdiction over this matter because the events giving rise to this litigation occurred in Clark County, Ohio and all of the parties to this litigation are residents of Ohio.

12. Venue is proper in this Court because one or more of the Defendants resides or is headquartered in this county and/or the subject matter of this litigation occurred in this county.

## FIRST CAUSE OF ACTION

13. On January 10, 2019, Defendant's premises were open for business to the public.

14. On said date, Plaintiff was lawfully on Defendant's premises as a business invitee.

15. On said date, Plaintiff lawfully entered Defendant's premises at the express or implied invitation of Defendant Speedway and for the purpose of which the premises were open to visitors.

16. At all times relevant hereto, Plaintiff was proceeding in a lawful manner and exercised reasonable care for her own safety.

17. At or about the same date, time, and place, Plaintiff, while walking into Defendant's store, was injured by slipping and/or tripping and/or falling as a direct and proximate result of a dangerous and hazardous condition on the Defendant's premises.

18. Plaintiff's fall and subsequent injuries were caused solely by the actions and/or inactions of Defendant Speedway and/or Defendant Speedway's employees/agents.

19. Plaintiff did not cause or contribute to her fall and subsequent injuries.

20. The dangerous and hazardous condition(s) which was the direct and proximate result of Plaintiff's fall and subsequent injuries was created by Defendant Speedway and/or Defendant Speedway's employees/agents or known by them to exist.

21. Defendant Speedway and/or John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives, while acting in the course of their employment, had actual and/or constructive knowledge of the dangerous condition and/or nuisance and/or hazard and/or defect maintained on the Defendant's premises.

22. At all relevant times herein, Defendant Speedway and/or John Does 1-10 and/or Defendants Speedway's employees, agents and/or representatives knew or reasonably should have known that an unreasonable risk of harm, a hazardous condition, and/or nuisance existed on the premises.

3

23. Due to having received no prior notice of this hazard by Defendant Speedway and/or John Does 1-10 and/or Defendant's employees, agents and/or representatives, Plaintiff was not aware that such a hazard was present.

24. Defendant Speedway and/or John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives, while acting in the course of their employment, had a duty to exercise ordinary care to, among other things, maintain the property in a reasonably safe condition and to inspect the property in a manner designed to discover dangerous and hazardous conditions like the one which caused Plaintiff's injuries.

25. Defendant Speedway and/or John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives, while acting in the course of their employment, were negligent at the aforementioned date, time, and place by, among other things:

    a. Creating a hazardous condition, or allowing a hazardous condition to exist, in total disregard for Plaintiff who had the right to expect that Defendants exercise reasonable care in the maintenance, care and/or control of the premises and common areas at the aforesaid date, time, and place; and/or

    b. Failing to adequately post warnings or otherwise alert business invitees and/or patrons, specifically Plaintiff, of the presence of said hazard, defect and/or nuisance on the premises.

    c. Failing to do whatever was reasonably necessary to put and maintain the premises in a safe condition.

26. At all relevant times herein, Defendants John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives were acting within the course and scope of their employment and/or agency with Defendants, and therefore Defendant Speedway is vicariously liable.

27. As a direct and proximate result of the negligent conduct of Defendant Speedway and/or John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives, Plaintiff was seriously and permanently injured and incurred medical expenses, lost wages and other out of pocket expenses in an amount in excess of Forty Thousand Dollars ($40,000.00), and reasonably expects to incur further, additional such losses in the future.

28. As a further direct and proximate result of the negligent conduct of Defendant Speedway and/or John Does 1-10 and/or Defendant Speedway's employees, agents and/or representatives, Plaintiff has experienced permanent, severe suffering including loss of enjoyment of life and loss of consortium and will be expected to endure future pain and suffering, to incur future medical expenses and to experience a diminished quality of life.

4

## SECOND CAUSE OF ACTION

29. All allegations in the preceding paragraphs are incorporated as if fully restated herein.

30. At all times relevant herein, Defendant Jane/John Does 1-10 is an Individual, whose real name and address are unknown and could not with reasonable diligence be ascertained by Plaintiff's counsel prior to filing this action, was an agent, franchisee, servant, and/or employee of Defendant Speedway. He/she was at all such times, acting within the scope and course of his/her agency/employment with Defendant Speedway. Therefore, Defendant Speedway is vicariously liable to Plaintiff under the doctrine of Respondeat Superior.

31. On or about January 10, 2019, on Defendant Speedway's premises, Defendant Jane/John Doe, while acting within the scope and course of his/her employment did negligently perform his/her job responsibilities by, among other things, creating, or allowing to be created, or allowing to remain present, a hazard on the floor within the Defendants' premises.

32. The Plaintiff states that the negligence of Defendants includes, but is not limited to, the following: failure to supervise, direct and control said employee, failure to train and/or provide adequate procedures for ensuring the safety of its invitees, failure to instruct employees on proper procedures when maintaining areas open to patrons/business invitees. As maintained by Defendants and/or Jane/John Doe, a hazard on Defendants' premises was created and/or permitted to remain which caused Plaintiff to slip/trip and fall.

33. As a direct and proximate cause of Defendants' negligence, Plaintiff was injured, incurred medical expenses, and a diminution in her quality of life as more fully set forth in the previous paragraphs.

34. Defendants Jane and John Doe individuals, franchisees, businesses, corporations or other entities and/or XYZ Corporations whose identity and addresses could not be ascertained with due diligence, committed negligence and/or other wrongful acts and omissions that was/were the direct and proximate cause of damages sustained by Plaintiff as more fully set forth in this Complaint.

## THIRD CAUSE OF ACTION
### (Subrogation – Health Insurance)

35. The allegations set forth above are incorporated herein by reference.

36. At all times relevant herein, Defendant UMR is a corporation or other business entity located and/or doing business in the State of Ohio.

5

37. Defendant UMR may have paid medical expenses on behalf of Plaintiff in connection with the injuries as set forth in this Complaint.

38. As a result, Defendant UMR may have a vested interest in the within action as a result of its claim to subrogation.

39. Defendant UMR is being joined in this action to defend and protect its claim of subrogation, if one exists, or be forever barred from pursuing its claim of subrogation.

40. Pursuant to the Ohio Revised Code 2721.01, *et seq.*, this Court may declare the rights, status and/or other legal relations of the parties and determine any question of construction or validity of the policy of insurance issued through Defendant UMR to Plaintiff. However, it is Defendant UMR's burden of proof to establish all rights claimed.

41. Defendant UMR has failed to establish that it has a contractual right to complete subrogation or reimbursement under the terms of the Plan providing medical payments benefits to Plaintiff. Specifically, the Plan fails to disavow the common fund doctrine, which requires Defendant UMR to, at the very least, reduce any potential claim pro-rata to offset attorney's fees and cases expenses for prosecuting the claim.

42. Even if Defendant UMR has the requisite Plan language giving it a right to complete subrogation or reimbursement, given the extent of Plaintiff's damages and the possible amount of recovery in this case, Plaintiff may not recover or be fully compensated, or "made whole," for her injuries from a recovery in this matter. Accordingly, Plaintiff contends if she does not fully recover or is not "made whole," Defendant UMR has no subrogation or reimbursement rights to any recovery in this case consistent with the policy language, Defendant UMR's adherence thereto and the laws of Ohio.

43. It is unclear as to what rights and/or obligations exist between Plaintiff and Defendant UMR as to numerous issues, including whether it has a contractual right to complete subrogation or reimbursement, whether the Plan properly disavows equitable defenses to subrogation and reimbursement and whether the common law or statutory made whole doctrine (O.R.C. § 2323.44) will preclude Defendant UMR's right to recover from any settlement or judgment Plaintiff may receive in this case.

44. Plaintiff seeks declaration of rights, duties and liabilities of the parties under the policy of insurance issued through Defendant UMR, including, but not limited to, subrogation, reimbursement, R.C. 3902.11 – R.C. 3902.14, R.C. 1751.60, OAC 3901-1-56 and O.R.C. § 2323.44 with respect to which policy or policies of insurance issued by any health insurance and/or health benefits provider is to provide coverage for each of the claims/occurrences as described more fully herein and what amount constitutes the maximum limits of coverage, subrogated interest and/or right of reimbursement under the applicable policy or policies of insurance.

45. As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant UMR with respect to the respective rights, if any, that each party may have under the subject policy.

**WHEREFORE**, Plaintiff prays for judgment, as to Counts One and Two, in her favor and against Defendant Speedway LLC in an amount in excess of Twenty-Five-Thousand Dollars ($25,000) for compensatory damages in each claim for relief, plus all court costs, prejudgment and post judgment interest, attorney's fees and all other relief this honorable Court deems to be just and proper,

**WHEREFORE**, Plaintiff demands that Defendant UMR, appear and represent its interest in this matter or be forever barred from pursuing its claim and/or subrogation, if one so exists.

Respectfully submitted,

Nathan J. Stuckey (0086789)
J. Michael Vervoort (0097832)
THE STUCKEY FIRM, LLC
49 E. College Ave., Suite 300
Springfield, Ohio 45504
P: (937)346-8000
F: (937)717-0070
nstuckey@legalspringfield.com
mvervoort@legalspringfield.com
Counsel for Plaintiff